# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-11104
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HEATH JAYDEL BREWER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-38-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Heath Jaydel Brewer appeals his jury-trial convictions for making a false statement and obstructing justice in connection with his execution of a jailhouse affidavit attesting that his prior statements incriminating Alfred Sanchez, Jr. were untrue. Brewer asserts that the district court erroneously refused his request for a jury instruction on the affirmative defense of duress.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11104

To raise an issue of duress for consideration by the jury, a defendant must present evidence of the following four elements: (1) that he "was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious body injury"; (2) that he "had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct"; (3) that he "had no reasonable legal alternative to violating the law," that is, no chance "to refuse to do the criminal act and also to avoid the threatened harm"; and (4) that there was "a direct causal relationship . . . between the criminal action taken and the avoidance of the threatened harm." *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998) (internal quotation marks, brackets, and citations omitted).  In determining whether the necessary showing has been made, a court "must objectively evaluate the facts presented by the defendant." *Id.*

The parties dispute whether Brewer made the necessary showing with respect to the first and third elements of the duress defense.  Even when considered in the light most favorable to him, *see United States v. Giraldi*, 86 F.3d 1368, 1376 (5th Cir. 1996), Brewer's testimony fails to indicate that he was under an implicit or explicit threat of immediate violence at the moment he signed the false affidavit.  *See United States v. Harper*, 802 F.2d 115, 118 (5th Cir. 1986).  While Brewer related in his testimony his subjective fear for his life, he failed to offer evidence objectively supporting an immediate mortal fear, such as a contemporaneous verbal threat or the exhibition of a weapon.  *See Posada-Rios*, 158 F.3d at 873.  Thus, Brewer has not made a threshold showing that he faced a real and imminent emergency sufficient to induce a well-grounded fear of death or serious bodily injury.  *See id.* at 873-74.

No. 19-11104

Brewer has likewise failed to point to objective evidence showing that he was unable to pursue a legal alternative to participating in the criminal activity involving the false affidavit. *See id.* Brewer testified that he could have reported his alleged fear of Sanchez to a jail guard, via an available computer text messaging program, or by calling a dedicated hotline, but he did not. Significantly, Brewer testified that, during his sentencing hearing two days after the affidavit incident, he did not advise the judge of threats relating to his cooperation or that he had been forced to sign a false statement, even though he admitted that he had the opportunity to say whatever he wanted. Brewer did tell his lawyer at sentencing "that something was going on" with Sanchez, which resulted in Brewer being moved from the jail unit a week later. This sequence of events suggests that there were in fact available legal alternatives that Brewer could have utilized to remove himself from Sanchez's reach either before he was forced to sign the false statement or soon afterward when he could have disavowed the statement and thereby ended his participation in the criminal act. *See id.*

In light of the foregoing, the district court did not abuse its discretion in denying Brewer's request for a jury instruction on the affirmative defense of duress. *See United States v. Storm*, 36 F.3d 1289, 1294 (5th Cir. 1994). The judgment of the district court is AFFIRMED.